UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EWELL COLEMAN, *et al.*,

    Plaintiffs,

v.

THE BOEING COMPANY,

    Defendant.

Case No. C13-1788RSL

ORDER GRANTING MOTION TO DISMISS

This matter comes before the Court on "Defendant Boeing's Motion to Dismiss" (Dkt. # 7). Defendant seeks dismissal of Plaintiffs Ewell Coleman's and Darlene Coleman's complaint alleging discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"). Defendant's motion was originally noted for consideration on the Court's calendar for November 1, 2013. Dkt. # 7. On November 6, 2013, the Court granted Plaintiffs' request for additional time to respond to Defendant's motion and re-noted the motion on the Court's calendar for December 13, 2013. Dkt. # 13. Despite giving Plaintiffs an additional six weeks to file an opposition to Defendant's motion, Plaintiffs have not responded to Defendant's motion.

In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the allegations of the complaint are accepted as true and construed in the light most favorable to plaintiff. In re Syntex Corp. Sec. Litig., 95 F.3d 922, 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). The question for the Court is whether the well-pled facts in the complaint sufficiently state a "plausible"

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 1

ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Having reviewed the papers submitted by Defendant,[1] the Court finds the following:

Plaintiffs' claims are barred by the statute of limitations. A person who seeks relief under Title VII must exhaust administrative remedies before filing a civil lawsuit by filing a charge of discrimination with the EEOC or the state administrative or local administrative agency. Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1103 (9th Cir. 2008). The person must file a charge with the EEOC within 180 days after the alleged wrongful employment conduct occurred, or with the state administrative agency within 300 days of the alleged discriminatory conduct. Id. (citing 42 U.S.C. § 2000e-5(e)(1)). A person may only file a civil lawsuit after receiving a right-to-sue letter from the EEOC. Dandino, Inc. v. U.S. Dept. of Transp., 729 F.3d 917, 922 (9th Cir. 2013). After receiving a right-to-sue letter, a person has 90 days to file suit. Id. (citing 42 U.S.C. § 2000-e(5)(f)(1)). If a person fails to file within that 90-day period, the action is barred by the statute of limitations. Scholar v. Pac. Bell, 963 F.2d 264, 266-67 (9th Cir. 1992).

Mr. Coleman filed a charge of discrimination with the EEOC on September 24, 2010. Dkt. # 8 at 6. In his charge, he claimed that Defendant discriminated against him on the basis of race and religion, and he alleged that his employment was terminated in retaliation for opposing discrimination. Id. The EEOC issued a right-to-sue letter to Mr. Coleman on January 24, 2012. Id. at 9. Mr. Coleman's complaint in this matter was filed on September 13, 2013, long after the 90 day period for filing suit had expired. Dkt. # 2 at 6. Plaintiff's Title VII claims are, therefore, barred by the statute of limitations. Scholar, 963 F.2d at 266-67.

---

[1] The Court has taken judicial notice of Mr. Coleman's charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC") and the EEOC's right-to-sue letter as they are matters of public record. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of court filings and other matters of public record); Cunningham v. Litton Indus., 413 F.2d 887, 889 n.2 (9th Cir. 1969) (taking judicial notice of EEOC decision).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 2

For all of the foregoing reasons, the Court GRANTS Defendant's motion to dismiss (Dkt. # 7). Because Plaintiffs' claims are barred by the statute of limitations and the alleged and judicially-noticed facts show that amendment would be futile, Plaintiffs' complaint is dismissed without leave to amend. The Clerk is directed to enter judgment in favor of Defendant and against Plaintiffs.

DATED this 23rd day of January, 2014.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge